# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>      Plaintiff,<br><br>vs.<br><br>V. BENTACOURT, et al.,<br><br>      Defendants. | 1:18-cv-01187-LJO-GSA-PC<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION OF SCREENING ORDER BY DISTRICT JUDGE**<br>**(ECF No. 16.)**<br><br>**ORDER FOR PLAINTIFF TO COMPLY WITH MAGISTRATE JUDGE'S SCREENING ORDER ISSUED ON DECEMBER 11, 2019**<br>**(ECF No. 15.)**<br><br>**THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT** |

**I    BACKGROUND**

Kevin Allen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 31, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On July 24, 2019, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 12.)

On August 15, 2019, Plaintiff filed the First Amended Complaint. (ECF No. 13.) On December 11, 2019, the court screened the First Amended Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 15.)

1

On December 27, 2019, Plaintiff appealed the court's December 11, 2019 screening order to the Ninth Circuit Court of Appeals and also requested review of the screening order by the district judge. (ECF No. 16.) On January 27, 2019, the Ninth Circuit issued an order dismissing Plaintiff's appeal for lack of jurisdiction. (ECF No. 19.) The Ninth Circuit noted in its order that the district judge has not had an opportunity to consider whether to treat Plaintiff's notice of appeal as a motion to reconsider the magistrate judge's order pursuant to 28 U.S.C. § 636(b)(1)(A). By this order, the court shall treat Plaintiff's notice of appeal as a request for reconsideration by the district judge.

## II. REQUEST FOR RECONSIDERATION BY DISTRICT JUDGE

### A. Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection.'" Local Rule 303(c). "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)." Local Rule 303(f).

### B. Request for Reconsideration of Screening Order (ECF No. 30.)

Plaintiff requests review by the district judge of the magistrate judge's screening order issued on December 11, 2019, which dismissed the First Amended Complaint for failure to state a claim, with leave to amend. Plaintiff disagrees with the magistrate judge's assessment of his claims.

After review of the screening order and examination of Plaintiff's arguments in his request for reconsideration, the court does not find the magistrate judge's rulings in the screening order to be erroneous or contrary to law. At this stage of the proceedings, if Plaintiff disagrees with the screening order, his remedy is to file a Second Amended Complaint, clearly and succinctly stating the allegations and claims upon which he seeks to proceed. For these reasons, Plaintiff's request for reconsideration of the December 11, 2019 screening order shall be denied.

///

///

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for reconsideration of the magistrate judge's December 11, 2019 screening order by the district judge, filed on December 27, 2019, is DENIED;
2. Plaintiff is required to comply with the magistrate judge's screening order issued on December 11, 2019;
3. Plaintiff is granted an extension of time until thirty days from the date of service of this order in which to file the Second Amended Complaint, pursuant to the screening order; and
4. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **January 30, 2020**         **/s/ Lawrence J. O'Neill**
                                                        UNITED STATES DISTRICT JUDGE