# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>      Plaintiff,<br><br>vs.<br><br>V. BENTACOURT, et al.,<br><br>      Defendants. | 1:18-cv-01187-NONE-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**(ECF No. 29.)** |

On May 11, 2020, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff asserts that he has a learning disability, dyslexia, and a low reading score of 0.7. While these circumstances make litigation challenging, they do not make Plaintiff's case exceptional under the law. At this early stage of the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's First Amended Complaint was dismissed on December 11, 2019, for failure to state a claim, with leave to amend and to date, Plaintiff has not filed a Second Amended Complaint. Thus, there is no complaint on record in this case for which the court has found a cognizable claim. Moreover, based on the record in this case, it appears that Plaintiff is able to adequately articulate his claims. Furthermore, Plaintiff's conditions of confinement claim, alleging that his toilet overflowed onto the floor of his cell, is not complex. Therefore, Plaintiff's motion for appointment of counsel shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **June 1, 2020**               **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE