# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>V. BENTACOURT, et al.,<br><br>　　　　　Defendants. | 1:18-cv-01187-NONE-GSA-PC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 30.)**<br><br>**ORDER REQUIRING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT WITHIN THIRTY (30) DAYS**<br><br>**ORDER FOR CLERK TO SEND A § 1983 AMENDED COMPLAINT FORM TO PLAINTIFF** |

**I    BACKGROUND**

Kevin Allen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On August 31, 2018, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  On July 24, 2019, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend.  (ECF No. 12.)

On August 15, 2019, Plaintiff filed the First Amended Complaint.  (ECF No. 13.)  On December 11, 2019, the court screened the First Amended Complaint and dismissed it for failure to state a claim, with leave to amend.  (ECF No. 15.)

On December 27, 2019, Plaintiff requested reconsideration of the screening order by the District Judge assigned to this case, and also appealed the screening order to the Ninth Circuit Court of Appeals. (ECF No. 17, 22.) On January 27, 2020, the Ninth Circuit dismissed Plaintiff's first appeal (no. 19-17602) for lack of jurisdiction. (ECF No. 19, 26.) On January 30, 2020, District Judge Lawrence J. O'Neill denied Plaintiff's request for reconsideration and ordered Plaintiff to comply with the screening order within thirty days. (ECF No. 20.)

On February 14, 2020, Plaintiff appealed the District Judge's order denying Plaintiff's request for reconsideration to the Ninth Circuit Court of Appeals. (ECF No. 22.) On March 27, 2020, the Ninth Circuit dismissed Plaintiff's appeal (no. 20-15265) for lack of jurisdiction. (ECF No. 26.)

On April 23, 2020, the court issued an order requiring Plaintiff to file the Second Amended Complaint within thirty days. (ECF No. 28.) On May 27, 2020, Plaintiff filed a document titled "Request for Judicial Notice" in which he again requests reconsideration of the December 11, 2019 screening order. (ECF No. 30.)

**II.     MOTION FOR RECONSIDERATION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**Discussion**

Plaintiff has titled his document filed on May 27, 2020 as a "Request for Judicial Notice." (ECF No. 30.) However, the subject matter of the "Request" is the court's screening decision of Plaintiff's First Amended Complaint, issued on December 11, 2019. In the "Request," Plaintiff discusses the court's decision in that screening order and clearly seeks reconsideration of the order by his request to "Let the Allen Case go Forward." (ECF No. 30 at 4:18-19.)

Plaintiff has not set forth any facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

This is the fourth time that Plaintiff has requested reconsideration of this same screening order (ECF No. 15). With the present order, it has now been addressed twice by this court and twice on appeal by the Ninth Circuit Court of Appeals. (ECF Nos. 19, 20, 26.) This court shall not consider any further motions for reconsideration of the December 11, 2019 screening order. Plaintiff shall be required to file a Second Amended Complaint pursuant to the December 11, 2019 screening order, within thirty days.

///

///

**III.   CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for reconsideration of the court's December 11, 2019 screening order (ECF No. 30 – titled on the docket "Request for Judicial Notice"), filed on May 27, 2020, is DENIED;

2. Within thirty (30) days of the date of service of this order, Plaintiff is required to file a Second Amended Complaint pursuant to the court's screening order issued on December 11, 2019;

3. The Clerk is directed to send Plaintiff a § 1983 amended complaint form;

4. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed with prejudice for failure to state a claim; and

5. This court shall not consider any further motions for reconsideration of the December 11, 2019 screening order.

IT IS SO ORDERED.

Dated:   **June 27, 2020**                              **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE