UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>         Plaintiff,<br><br>   v.<br><br>V. BENTACOURT, et al.,<br><br>         Defendant. | 1:18-cv-01187-NONE-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document #33) |

On July 20, 2020, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff's First Amended Complaint was dismissed on December 11, 2019 for failure to state a claim, with leave to amend. To date, Plaintiff has not filed a Second Amended Complaint. Thus, there is no complaint on record in this case for which the court has found cognizable claims. It is too early for service of process, and no other parties have yet appeared. Moreover, a review of the record shows that Plaintiff can adequately articulate his claims and respond to the court's orders. Plaintiff's conditions of confinement claim under the Eighth Amendment is not complex. Plaintiff is advised that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **July 23, 2020**                               **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE