UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>                      Plaintiff,<br><br>       v.<br><br>V. BENTACOURT, *et al.*,<br><br>                      Defendants. | No.  1:18-cv-01187-NONE-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND ORDER DISMISSING CASE WITH PREJUDICE<br><br>(Doc. Nos. 28, 35) |

Plaintiff Kevin Allen, a state prisoner, proceeding *pro se* and *in forma pauperis* in this civil rights action, 42 U.S.C. § 1983, against prison officials at Kern Valley State Prison for alleged violation of his Eighth Amendment rights. (Doc. Nos. 1; 13 at 1–2, 4.) Plaintiff claims that defendants were deliberately indifferent to his exposure to the raw sewage in his cell for seven days when his toilet was broken.[1] (Doc. No. 13 at 6–16.) After screening plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A(a), the court dismissed plaintiff's Eighth Amendment claims for failure to state sufficient facts but granted him leave to amend to attempt to cure the deficiencies noted. (Doc. Nos. 15, 20, 28.) Rather than filing a second amended complaint, however, plaintiff instead moved for reconsideration and for appointment of counsel,

---

[1] The Ninth Circuit has held that "a prisoner to lack of sanitation that is severe or prolonged" may constitute a violation of the Eighth Amendment. *Anderson v. Cty. of Kern*, 45 F.3d 1310, 1314–15 (9th Cir.).

1

and to appeal the court's screening order—though, the first two of which were denied by this court and the latter by the Ninth Circuit. (Doc. Nos. 22, 26, 29, 31, 33–34.) The magistrate judge subsequently recommended dismissal of this action due to plaintiff's failure to obey the court's order by failing to file a second amended complaint within the specified time. (Doc. No. 35.) Plaintiff has filed objections to the magistrate judge's findings and recommendations. (Doc. No. 36.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, the undersigned has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the pending findings and recommendations to be supported by the record and proper analysis.[2]

Accordingly, it is hereby ordered that:

1. The findings and recommendations issued on August 21, 2020 (Doc. No. 35) are ADOPTED in full;

2. This action is DISMISSED with prejudice due to plaintiff's failure to state a claim upon which relief may be granted under § 1983 and his failure to obey the court's order; and

/////
/////
/////
/////

---

[2] In his objections, plaintiff cites to a previous case in which the undersigned found that plaintiff had alleged sufficient facts to establish deliberate indifference because of prison officials' failure to promptly repair his toilet and, as a result, exposed him to human waste. (Doc. No. 16 at 2–4, *Allen v. Meyer, et al.*, 1:09-cv-00729-DAD-SKO.) The court finds that the facts alleged in the *Allen* case and those alleged by plaintiff here are distinguishable. Whereas the facts alleged by the plaintiff in Allen, if proven, would have shown that the prison officials took no action, the facts alleged here reflect that defendants submitted a work order to repair plaintiff's broken toilet, made follow-up calls to ensure that the work order would be fulfilled, and provided plaintiff with a mop to clean his toilet and cell while the work order was being processed (Doc. Nos. 13 at 6–16; 15 at 2–5, 7–9). In light of the facts alleged in plaintiff's complaint, the magistrate judge's conclusion that plaintiff must allege additional facts to sufficiently assert that defendants' acted or failed to act with a "culpable state of mind" was well-founded. (Doc. No. 15 at 8–9.)

3. The Clerk of Court is directed to assign a district judge to this case for the purpose of closing the case and then to close this case.

IT IS SO ORDERED.

Dated: **November 24, 2020**   /s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE