# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>V. BENTACOURT, et al.,<br><br>　　　　Defendants. | 1:18-cv-01187-JLT-GSA-PC<br><br>**ORDER DENYING MOTION FOR 90-DAY STAY OF PROCEEDINGS**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 48.)**<br><br>**ORDER DENYING REQUEST FOR FREE COPIES**<br><br>**(ECF No. 49.)** |

## I.    BACKGROUND

Kevin Allen ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

On November 25, 2020, this case was dismissed, with prejudice, for failure to state a claim. (ECF No. 37.)  On December 22, 2020, Plaintiff filed an appeal to the Ninth Circuit Court of Appeals.  (ECF No. 39.)  On March 3, 2023, the Ninth Circuit affirmed in part and reversed in part the district court's decision to dismiss the case and remanded the case to the district court, where the case was reopened.  (ECF No. 43.)

This case now proceeds with the First Amended Complaint filed by Plaintiff on July 24, 2019, against defendants Correctional Officer (C/O) V. Bentacourt, C/O R. Valdovinos, C/O S. Ochoa, and Lieutenant Sandaval (collectively, "Defendants"), for subjecting Plaintiff to adverse

conditions of confinement in violation of the Eighth Amendment. (ECF No. 13.) On March 30, 2023, the Court initiated service of process on the Defendants. (ECF No. 46.)

On March 31, 2023, Plaintiff filed a motion to appoint counsel for Plaintiff, or in the alternative, to stay the proceedings in this case for 90 days. (ECF No. 48.) On April 14, 2023, Plaintiff filed a notice of change of address and requested a copy of his First Amended Complaint. (ECF No. 49.)

## II.     PLAINTIFF'S MOTIONS

### A.     Motion for Appointment of Counsel

Plaintiff requests the Court to appoint pro-bono counsel to assist him with this case. He seeks counsel because "this is an old case and plaintiff will [*sic*] like to have his day in Court." (ECF No. 48 at 3:4-6.) Plaintiff believes that Defendant Bentacourt does not work for the CDCR (California Department of Corrections and Rehabilitation) and he needs counsel to find him. Plaintiff names two law firms in San Francisco as possibilities. (ECF No. 48 at 3:8-12.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff requests counsel because "this is an old case" and he needs assistance to find one of the Defendants. These are not exceptional circumstances under the law. While the Court has determined that Plaintiff states cognizable claims against Defendants Bentacourt, Valdovinos,

Ochoa, and Sandaval for adverse conditions of confinement, this finding is not a determination that Plaintiff is likely to succeed on the merits. Plaintiff's conditions of confinement claims are not complex, and based on a review of the record in this case Plaintiff can adequately articulate his claims and respond to court orders. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion for appointment of counsel shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

### B. Motion for Stay of Proceedings

Plaintiff requests the Court to stay the proceedings in this case for 90 days, 180 days, or until his criminal case is over. He expects to be transferred back to L.A. County Superior Court on April 3, 2023 or April 4, 2023 for an evidentiary hearing in his criminal case, and he will not have any time to litigate his civil case.

### Discussion

On April 14, 2023, Plaintiff filed a notice of change of address to the Los Angeles County Jail. (ECF No. 49.) Thus, it appears that Plaintiff has been transferred to Los Angeles for proceedings in his criminal case. The Court shall use Plaintiff's new mailing address for Court correspondence until he files another notice of change of address with the Court. As such, Plaintiff shall be apprised of any documents filed in his case.

Plaintiff's motion for a stay of the proceedings in this case shall be denied, without prejudice, to renewing the motion at a later stage of the proceedings if needed. This case is in its early stages and none of the Defendants have yet appeared in the case. It is likely that a 90- or 180-day stay of the proceedings at this early stage would be prejudicial to Defendants. There are no pending motions that require Plaintiff's response, and if he cannot timely respond to something filed in this case he can request an extension of time. Thus, the court finds no good cause to stay the proceedings in this case at this time. Plaintiff's motion for stay shall be denied, without prejudice.

### C. Request for Copy of First Amended Complaint

Plaintiff requests a copy of his First Amended Complaint. The Clerk does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of

documents, and copies of a document up to twenty-five pages may be made by the Clerk's Office at this Court upon written request and prepayment of the copy fees. See 28 U.S.C. § 1914(b). The fact that the court has granted leave for Plaintiff to proceed *in forma pauperis* does not entitle him to free copies of documents from the Court. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge.

Plaintiff has not shown good cause for the court to send him a free copy of his First Amended Complaint, which is 56 pages in length. To request a copy Plaintiff must submit a request in writing to the Clerk, provide a large self-addressed envelope affixed with sufficient postage, along with prepayment of the copy costs of $26.00 by money order payable to the Clerk.

### III.  CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for appointment of counsel is DENIED, without prejudice;
2. Plaintiff's motion to stay the proceeding in this case pending resolution of proceedings in his criminal case is DENIED, without prejudice; and
3. Plaintiff's request for a free copy of his First Amended Complaint is DENIED.

IT IS SO ORDERED.

Dated: __June 5, 2023__           ___/s/ Gary S. Austin___
                                                      UNITED STATES MAGISTRATE JUDGE