UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>V. BENTACOURT, et al.,<br><br>　　　　　Defendants. | No. 1:18-cv-1187 JLT GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL AND REQUEST FOR COPY OF COMPLAINT<br><br>(ECF No. 62.) |

  Plaintiff has filed a motion for the appointment of counsel. ECF No. 62. In support of it, Plaintiff states in part that he is being denied access to the courts due to an inadequate county jail law library; a lack of access to legal books, and a lack of access to legal copies. Id. at 1-8. In addition, the motion asks that the court send him a copy of his complaint. Id. at 7.

  For the reasons stated below, Plaintiff's request that the Court send him a copy of his complaint will be denied. His motion for the appointment of counsel will also be denied.

  I. MOTION FOR THE APPOINTMENT OF COUNSEL

   A. Applicable Law

    1. Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the

1

voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    2. <u>Access to Courts</u>

It is well-established that prisoners have a constitutional right to have access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977), <u>abrogated by</u> <u>Lewis v. Casey</u>, 518 U.S. 343 (1996); <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (citation omitted) (stating same); <u>see</u> <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010). However, prison law libraries are not ends in themselves to provide such access. <u>See</u> <u>Lewis</u>, 518 U.S. at 351. They are simply a means for ensuring "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." <u>Id.</u> (citation omitted) (quotation marks in original). Accordingly, a prisoner cannot have a freestanding right to a law library by simply establishing that his prison's law library . . . is subpar in some theoretical sense." <u>Id.</u>

Furthermore, any denial of access to courts must be accompanied by a showing that the shortcomings in a prison law library hindered an inmate's efforts to pursue a legal claim. <u>Nasby v. Nevada</u>, 79 F.4th 1052, 1056 (9th Cir. 2023) (citing <u>Lewis</u>, 518 U.S. at 351). The prisoner "must identify a 'nonfrivolous,' 'arguable' underlying claim" and the specific remedy he lost in order to give the defendant fair notice of his allegations. <u>See</u><u>Christopher v. Harbury</u>, 536 U.S. 403, 415-16 (2002) (citations omitted); <u>Madrid v. Gomez</u>, 190 F.3d 990, 995-96 (9th Cir. 1999) (stating need for causal connection between subpar legal assistance and hindrance of effort to pursue legal claim).

Finally, the scope of the right of access to the courts is limited. <u>Madrid</u>, 190 F.3d at 995. "Prisoners need only have the minimal help necessary to file legal claims." <u>Id.</u> (internal quotation marks omitted) (citing <u>Lewis</u>, 518 U.S. at 360).

   B. <u>Discussion</u>

    1. <u>Appointment of Counsel</u>

Plaintiff's motion for the appointment of counsel on the grounds that he is being denied access to the courts must be denied for several reasons. First, the appointment of counsel is not

1  required to remedy a denial of access to courts were the latter to be established.  Plaintiff provides
2  no law that states otherwise.  See generally ECF No. 62.

3  Next, any lack of access to the county jail's law library does not constitute an exceptional
4  circumstance.  See, e.g., Wood v. Housewright, 900 F.2d 1332, 1335-35 (9th Cir. 1990) (denying
5  appointment of counsel where plaintiff alleged limited access to law library and lack of legal
6  education).  Limited access to the law library is a circumstance that is common to most prisoners.
7  For these reasons,  Plaintiff's motion for the appointment of counsel will be denied.

8        2.  Access to Courts

9  As for Plaintiff's overlapping denial of access to the courts argument, it is without merit.
10  First, it is wholly contradictory.  One hand, Plaintiff argues that the county jail law library is
11  inadequate.  See id. ECF No. 62 at 2.  On the other hand, he asserts that he has made several
12  requests to use it.  Id. at 3-7.  These clear contradictions undercut the court access argument on its
13  face.  In any event, as stated earlier, access to a jail's law library is not the sole way an inmate's
14  access to the courts may be provided.  See Lewis, 518 U.S. at 351.

15  Plaintiff's denial of access to courts argument also fails to identify the specific harm he
16  has experienced due to his stated inability to access the jail's law library.  See generally ECF No.
17  62.  The motion simply asserts that jail officials' denial of his access to the law library, to legal
18  books, and to case law has affected his ability to conduct discovery.  See id. at 6-7.  Precisely how
19  not being able to access the jail's library has done that, Plaintiff does not say.  See generally ECF
20  No. 62.  Generally, discovery proceedings are comprised of requests for admissions, requests for
21  the production of documents, and interrogatories.  Arguably, the legal research required to
22  participate in the discovery process is minimal, and in any event, the court is required to construe
23  liberally any related pleadings Plaintiff, a pro se litigant, may file.  Erikson v. Pardus, 551 U.S.
24  89, 94 (2007) ("A document filed pro se is to be 'liberally construed . . . .'."); see Estelle v.
25  Gamble, 429 U.S. 97, 106 (1976).  Accordingly, Plaintiff's argument that his ability to conduct
26  discovery has been affected by any limited access to the jail's law library is unpersuasive.

27  Furthermore, although Plaintiff has provided multiple law library request forms in support
28  of his denial of access to courts argument (see id. at 10-43), he has failed to provide the jail's

responses to his requests.¹ As a result, it is unclear whether some of the documents and supplies he requested were, in fact, provided to him. For these reasons, Plaintiff's argument that the county jail has deprived him of his constitutional right to access to the courts is without merit as well, and it, too, fails to support his request for the appointment of counsel.

## II.   REQUEST FOR COPY OF COMPLAINT

Finally, to the extent that Plaintiff argues that this court's earlier denial of his request for a free copy of his First Amended Complaint is also depriving him of his right of access to the courts (see ECF No. 62 at 4-5, 7), this argument is also without merit. As Plaintiff has been previously informed,² under 28 U.S.C. § 2250, the Clerk of Court is not required to furnish copies without cost to an indigent litigant except by order of the judge. Therefore, this request will also be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 62 at 1-2, 6-7) is DENIED.

2. Plaintiff's request for a copy of his complaint (ECF No. 62 at 4-5, 7) is DENIED.

IT IS SO ORDERED.

Dated:   **October 5, 2023**                              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE

---

¹ Plaintiff does provide one official response from the jail's Grievance Team. See ECF No. 62 at 28. In it, Plaintiff had requested copies of his legal writ, but it was denied. Id. However, the same document states that the Grievance Team told Plaintiff that his request would be forwarded the jail's Legal Unit. Id.

² See ECF 51 at 4 (Court's June 2023 denial of Plaintiff's request for copies).