| | |
|---|---|
| KEVIN ALLEN, | No. 1:18-cv-01187 JLT GSA (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL AND DENIAL OF REQUEST TO SETTLE |
| v. | |
| V. BENTACOURT, | (ECF No. 71) |
| Defendants. | DEFENDANTS' NOTICE RELATED TO PARTICIPATING IN SETTLEMENT DISCUSSIONS WITH PLAINTIFF DUE **JUNE 4, 2024** |
| | PLAINTIFF'S NOTICE OF CHANGE OF ADDRESS AND SERVICE OF IT ON DEFENDANTS DUE **JUNE 4, 2024** |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff has requested the appointment of counsel. ECF No. 71. This is Plaintiff's fifth request for appointment of counsel. See ECF Nos. 29, 33, 52, 62. In the motion, Plaintiff also makes an alternative request to settle this case. See ECF No. 71 at 3.

For the reasons stated below, Plaintiff's motions will be denied. However, given the age of this case, Plaintiff's recent release from custody and his inclusion of the word "settle" in his motion, the Court will direct Defendants to file a statement indicating whether based on the information they currently have they are open to participating in settlement discussions with

1

Plaintiff.

I.  MOTION FOR THE APPOINTMENT OF COUNSEL; REQUEST TO SETTLE

In support of the motion, Plaintiff states that he has been released from county jail after serving twenty-nine years. ECF No. 71 at 2. In addition, Plaintiff states that he is currently homeless and that as a result he is using the location of his parole agent's office as his mailing address. Id. Plaintiff further states that he has a good Eighth Amendment case. He asks for the appointment of counsel so that he can have his day in court or settle. See generally ECF No. 71 at 3-4.

II.  DISCUSSION

A. Applicable Law

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

B. Analysis

1. Motion for the Appointment of Counsel

The fact that Plaintiff has recently been released from jail after a long sentence is insufficient to warrant the appointment of counsel. This case has been on the Court's docket since 2018 (see ECF No. 1) (original complaint), and since then, despite not having been afforded counsel, Plaintiff has managed to move this case to the discovery phase of the proceedings, even

successfully appealing part of his case in the Ninth Circuit.  See ECF Nos. 41-43, 45 (appeal documents; Circuit affirmation in part; reversal in part, and remand).  In addition he has successfully filed this current motion.

The fact that this matter has survived up to this phase of the proceedings indicates that it could be successful on its merits.  However, despite Plaintiff's assertion that he was just released from jail and is now unfortunately homeless, this situation still does not merit the appointment of counsel.  Therefore, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances, thus his request for the appointment of counsel will again be denied.

## 2.  Alternative Request to Settle Matter

Plaintiff's apparent alternative request that this matter settle may be premature as this case appears to be in the earlier stages of discovery, and to date there has been no indication that Defendants are open to settling it.  However, given the length of time that this matter has been on the docket, as well as the fact that Plaintiff has been recently released from incarceration and appears open to settling the matter, the Court will direct Defendants to inform the Court if they are receptive to engaging in settlement discussions.

Defendants will be given fourteen days to do so.  In addition, because Defendants have recently stated that they do not have a current address for Plaintiff (see ECF No. 69-1 at 2, 4) (Defendants' motion to modify scheduling order), and because Plaintiff has stated that he is homeless but is using his parole agents address, within the same fourteen days, Plaintiff will be ordered to file a change of address with the Court and to serve it on Defendants.  If possible, Plaintiff should also provide Defendants with a working phone number where he can be reached by Defendants' counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 71 at 1-4) is DENIED;

2. Plaintiff's request that this matter be settled (ECF No. 71 at 3) is DENIED, and

3. Within fourteen days from the date of this order – **by June 4, 2024,** – the following shall be done:

3

     a.  Defendants shall INFORM THE COURT whether they are open to participating in settlement discussions with Plaintiff, and

     b.  Plaintiff shall FILE A CHANGE OF ADDRESS with the Court and serve a copy of the filing on Defendants.  If possible, Plaintiff shall also provide counsel for Defendants with a current phone number where he may be contacted.

IT IS SO ORDERED.

Dated: **May 21, 2024**             **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE