UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALLEN,<br><br>            Plaintiff,<br><br>      v.<br><br>V. BENTACOURT, et al.,<br><br>            Defendants. | No.  1:18-cv-01187 JLT GSA (PC)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING THAT:<br><br>(1) DEFENDANTS' MOTION FOR SANCTIONS BE GRANTED IN PART AND DENIED IN PART, AND<br><br>(2) DEFENDANTS' MOTION TO COMPEL BE DENIED AS MOOT<br><br>(ECF No. 78-1)<br><br>PARTIES' OBJECTIONS TO THIS ORDER DUE IN FOURTEEN DAYS |

Plaintiff, a former State prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This matter is currently at the discovery phase of the proceedings.

Before this Court are Defendants' motion to compel and motion for sanctions.  ECF Nos. 78, 78-1 (notice and motion to compel and motion for sanctions, respectively).  For the reasons stated below, the undersigned will recommend that Defendants' motion for sanctions be granted

1

in part and denied in part. In addition, it will be recommended that Defendants' motion to compel be denied as moot. The parties will be given fourteen days to file objections to this order.

## I. PLAINTIFF'S COMPLAINT

Plaintiff is both a former county jail inmate and inmate at Kern Valley State Prison ('KVSP"). See ECF No. 1 at 1; ECF No. 65 at 2. The operative complaint in this matter is his first amended complaint ("FAC"). See ECF No. 13. In the FAC, Plaintiff alleges that his rights under the Eighth Amendment were violated when, for seven days, Defendants, all of whom were employed at KVSP, failed to promptly address the clogged overflowing toilet in his cell. See generally id. at 6-25.

Plaintiff sues Defendants both in their individual and official capacities. ECF No. 13 at 5. He seeks punitive and compensatory damages. Id.

## II. RELEVANT PROCEDURAL HISTORY

### A. Issuance of Discovery and Scheduling Order; Plaintiff's Release from Custody

On August 21, 2023, the Court issued a discovery and scheduling order in this case. ECF No. 61. In the order, discovery was to end on February 21, 2024, and the dispositive motions deadline was calendared for April 21, 2024. See id. at 4.

On January 2, 2024, a notice of change of address filed by Plaintiff was docketed. ECF No. 64. In the notice, the new address provided by Plaintiff appeared to indicate that he was no longer incarcerated. See id. Two weeks later, an extension of time request filed by Plaintiff confirmed that he had been released from county jail. ECF No. 65 at 2-3 (extension of time request due to lack of access to legal property).

### B. Order Directing Plaintiff to File Non-Prisoner In Forma Pauperis Application

On January 24, 2024, at Plaintiff's request, the Court extended the discovery and dispositive motion deadlines. See ECF Nos. 65, 66 (Plaintiff's extension of time request; Court's grant of same). As a result, the discovery deadline was extended to April 24, 2024, and the dispositive motion deadline was extended to June 20, 2024. See ECF No. 66 at 3. In the same order, because Plaintiff was no longer incarcerated, the Court also directed him to file a non-prisoner application to proceed in forma pauperis. Id. A copy of the application was sent to him.

See id.

Plaintiff's non-prisoner application to proceed in forma pauperis was docketed on February 2, 2024. ECF No. 67. On February 29, 2024, the Court granted the application. ECF No. 68. However, on March 18, 2024, the Court's order granting the application was returned to the Court marked "Undeliverable, Not Deliverable as Addressed; Unable to Forward."

### C. Defendants' Motion to Modify the Discovery and Scheduling Order

On April 24, 2024, Defendants filed a motion to modify the discovery and scheduling order by vacating the deadlines to complete discovery and file dispositive motions. ECF No. 69-1 at 1-3. In support of the motion, in an affidavit, counsel for Defendants, Deputy Attorney General Matthew Ross Wilson ("DAG Wilson"): (1) noted the March 18, 2024, entry on the docket that the Court's order granting Plaintiff's application to proceed in forma pauperis as a non-prisoner had been returned to the Court; (2) stated that Plaintiff had not notified either the Court or Defendants of his current address; (3) stated that a phone call to the number Plaintiff had provided to him had gone unanswered, and (4) stated that because he did not know Plaintiff's current address, he had been unable to take Plaintiff's deposition in order to determine whether grounds existed to file a dispositive motion. Id. at 4.

On April 29, 2024, the Court granted Defendants' motion to modify the discovery and scheduling order. ECF No. 70. As a result, the April 24, 2024 close of discovery date and the June 20, 2024 dispositive motion deadline were both vacated. Id. at 2. In the order, the Court also stated that if appropriate, the two dates would be re-calendared. Id.

### D. Order Directing Parties to Inform Court of Any Interest in Settlement

On May 15, 2024, a motion requesting appointment of counsel along with an apparent desire to settle was docketed. ECF No. 71. In the motion, Plaintiff stated that he was homeless and that he had to use the address of his parole agent. Id. at 2. The motions were denied on May 22, 2024. ECF No. 72. In that order, Plaintiff's apparent request to settle was denied on the grounds that it might be premature given that the case was in the earlier stages of discovery. Id. at 3. However, given that the matter has been on the Court's docket since 2018, the Court directed Defendants to inform it whether they were receptive to engaging in settlement

discussions.  Id.  In the order, Plaintiff was also directed to file a notice of current address with the Court and to serve it on Defendants as well as provide a current contact phone number to Defendants, if possible.  ECF No. 72 at 3-4.

### E. Order Regarding Interest in Settlement Returned to Court; Change of Address Filed

On May 28, 2024, the April 2024 order granting Defendants' motion to modify the discovery and scheduling order that had been mailed to Plaintiff was returned to the Court.[1]  It was marked, "Undeliverable, Unable to Forward."  Three days later, a notice of change of address filed by Plaintiff was docketed.  ECF No. 73.  As a result, the same day, the Court's April 29, 2024 order that had granted Defendants' motion to modify the discovery and scheduling order, as well as the Court's May 22, 2024, order, which had denied Plaintiff's motion for the appointment of counsel and apparent request to settle were re-sent to Plaintiff's new address.  See 5/31/24 docket entry noting re-service of orders).

### F. Order Resetting Discovery and Dispositive Motion Dates

On June 4, 2024, Defendants filed a Response to the Court's May 22,2024 order stating that they believed settlement discussions were premature, and that  because of Plaintiff's release from prison and the uncertainty of his location they had  been unable to conduct discovery which prevented them from making a determination whether settlement discussions would be appropriate or whether there would be grounds for a dispositive motion . ECF No. 74.  Finally Defendants, acknowledging that Plaintiff had filed a notice of change of address on May 31, 2024, requested the Court to set new discovery and dispositive motion deadline dates as it would now be possible to take Plaintiff's deposition.  Id.  On June 6, 2024, the Court reset the dates, making the new close of discovery date August 5, 2024, and the new dispositive motion deadline

---

[1] The Court's May 22, 2024, order which had been sent to the same address as the April 29, 2024 order, would also ultimately be returned to the Court marked "Undeliverable, Return to Sender, Attempted – Not Known."  See 6/27/24 docket entry indicating same.  As a result, on June 27, 2024, the order was served a second time to the address Plaintiff had provided in the notice that had been docketed on May 31, 2024.  See ECF No. 73 (Plaintiff's 5/31/24 docketed notice of change of address).

October 4, 2024.[2]  ECF No. 75 at 2.

### G. Filing of Motion to Compel and Motion for Sanctions

On August 5, 2024, which was the new discovery closure date (see ECF No. 75 at 2) (6/6/24 order resetting discovery and dispositive motion deadlines), Defendants filed the instant motion to compel and request for sanctions.  ECF Nos. 78, 78-1.  Based on Local Rule 230, Plaintiff's response to Defendants' motion to compel was due – at the latest – by September 3, 2024.[3]  In Defendants' filing, they also requested the Court to vacate and reset, if necessary, the October 4, 2024, dispositive motion deadline.  ECF No. 78-1 at 5.  On August 21, 2024, which was a little over two weeks after Defendants filed the instant motions, a new notice of change of address filed by Plaintiff was docketed.  ECF No. 79.

### H. Vacation of Discovery Deadlines; Order Directing Plaintiff to Show Cause

On September 30, 2024, having considered part of Defendants' instant motions, the Court ordered that the calendared discovery deadline dates be vacated.  ECF No. 80 at 3.  The Court however, refrained from ruling on Defendants' motion to compel and motion for sanctions at that time which are also contained in the instant motion.  Id.  Instead, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute and for failure to obey a court order.  Id. at 3.  In that order, Plaintiff was also informed that as an alternative to filing a showing of cause he could comply with the order by being deposed and either:  (1) pay the

---

[2] Shortly thereafter, on June 13, 2024, a "motion to notify the court" filed by Plaintiff was docketed.  ECF No. 76.  In it, Plaintiff stated that DAG Wilson had his phone number; that in June 2024, he had contacted DAG Wilson many times; that DAG Wilson had told him he would contact Defendants in order to determine if they were willing to settle this matter, and that he had had no response from him as of June 10, 2024.  Id. at 2.  On June 17, 2024, the Court issued an order which acknowledged Plaintiff's "motion"; construed it as a notice of interest in settlement, and denied the request as premature given that Defendants still wished to first complete the discovery and dispositive motion process.  See ECF No. 77.

[3] The September 3, 2024, date:  (1) assumes Local Rule 230(l) (which governs motions for prisoners) still applies to Plaintiff, not Local Rule 230 (a)-(d) (which governs non-prisoner matters), despite Plaintiff's release from prison; (2) provides an additional seven days beyond the Local Rule 230(l) twenty-one-day period for Plaintiff to file a response to Defendants' motion, and (3) accounts for the fact that the original due date for Plaintiff's response, September 2, 2024, was Labor Day, a federal holiday.  See Fed. R. Civ. P. 6(a)(1)(A)-(C) (indicating how to calculate due dates for motion papers).

1  monetary sanction Defendants had requested in full, or (2) file a showing of cause why he should
2  not be ordered to pay the monetary sanction. Id.

3  Plaintiff was given twenty-one days to take either course of action. ECF No. 80 at 3.
4  This set the due date for Plaintiff's response as October 21, 2024, plus an additional three days for
5  receipt by mail. See Fed. R. Civ. P. 6(d) (mail arrival allowance). At that time, Plaintiff was also
6  cautioned that absent exigent circumstances his failure to respond to the order within the time
7  allotted might result in a recommendation that this matter be dismissed. ECF No. 80 at 3.

8      I.    Plaintiff's Failure to File Showing of Cause or Take Alternative Steps

9  To date, Plaintiff has neither filed a showing of cause, nor does the record indicate that he
10 has availed himself of the alternatives to filing the overarching showing of cause. See generally
11 docket indicating same. Nor has Plaintiff filed a request for an extension of time to comply with
12 the Court's orde. See id.

13     J.    Order Directing Defense Counsel to Inform Court Whether Instant Motions
14         Served on Plaintiff Were Returned to Office Marked "Undeliverable"

15 On November 4, 2024, while reviewing the instant motions, the Court examined the filing
16 history of this case. After doing so, the Court considered the possibility that Defendants' instant
17 motions – which had been mailed to Plaintiff's previous address, noticed in May 2024 (see ECF
18 Nos. 73, 78) (Plaintiff's previously noticed address; html receipt indicating Defendants' service
19 of instant motions at said address, respectively) – might not have been received by Plaintiff, and
20 that this could be the reason that Plaintiff had not filed responses to them. As a result, and despite
21 the fact that Plaintiff had also failed to respond to the Court's *subsequently issued* order directing
22 Plaintiff to show cause, which *had* been mailed to Plaintiff's most current address of record, the
23 Court ordered counsel for Defendants to inform the Court whether the instant motions mailed to
24 Plaintiff's old address had been returned to the Office of the Attorney General with markings
25 indicating that they were undeliverable. See ECF No. 81.

26 On November 5, 2024, counsel for Defendants filed a response to the Court's order, along
27 with a supporting affidavit. ECF No. 82. In the response, counsel states that the instant motions
28 that were served on Plaintiff had not been returned to the Office of the Attorney General marked

1  "undeliverable." Id. at 2-3.

2  Given these facts, the undersigned finds that Defendants' motion to compel and motions

3  for sanctions are appropriate to consider at this time. It does so herein.

4  III.  DEFENDANTS' MOTION TO COMPEL AND MOTIONS FOR TERMINATING

5  AND MONETARY SANCTIONS

6  A. General Law and Facts in Support

7  In Defendants' motion to compel and motion for terminating sanctions, they argue that:

8  (1) consistent with Federal Rule of Civil Procedure 26(b)(1), they have a right to seek discovery

9  that is relevant or that is reasonably calculated to lead to the discovery of admissible evidence; (2)

10 that Rule 30 of the Federal Rules of Civil Procedure permits the use of depositions to conduct

11 discovery, and (3) Rule 30(d)(2) also permits the Court to impose sanctions – including

12 reasonable expenses and attorney's fees incurred – on a person who impedes, delays, or frustrated

13 the fair examination of the deponent. See ECF No. 78-1 at 3-4. Defendants further proffer as

14 factual support that: (1) Plaintiff had agreed to be deposed on August 1, 2024, at the Office of the

15 Attorney General in Los Angeles; (2) Plaintiff failed to appear for the deposition on that day; (3)

16 subsequent calls and texts to Plaintiff's phone that day led counsel for Defendants to believe that

17 Plaintiff's phone was no longer in service; (4) counsel for Defendants waited approximately

18 three hours at the deposition location, and (5) Plaintiff never arrived at the location in order to be

19 deposed. ECF Nos. 78-1 at 4 (motion to compel and motion for sanctions); 78-2 (DAG Wilson's

20 declaration in support of same and notice of taking of Plaintiff's deposition).

21  B. Motion for Terminating Sanctions

22  In support of Defendants' motion for terminating sanctions, Defendants argue that Federal

23 Rule of Civil Procedure 37(b)(2)(A)(v) provides that the dismissal of a matter is an appropriate

24 sanction for not obeying a court order. ECF No. 78-1 at 4. Defendants further argue that: (1)

25 Plaintiff's unjustified failure to attend his deposition violated the Court's discovery and

26 scheduling order warrants the dismissal of this action, and (2) given Plaintiff's failure to attend

27 the August 1, 2024, deposition, his failure to respond to text messages about the deposition, and

28 evidence that his phone is no longer in service, it is highly unlikely that the parties will be able to

schedule another deposition and that Plaintiff would attend it. ECF No. 78-1 at 4-5. Finally, Defendants assert that: (3) because Plaintiff is proceeding in forma pauperis, it is highly unlikely that he will be able to pay any monetary sanction that the Court might impose. Id. at 5. For these reasons the Defendants argue that dismissal of this matter is an appropriate sanction. Id.

### C. Motion to Compel and Request for Monetary Sanctions

In support of Defendants' motion to compel, which includes a request for monetary sanctions (see ECF No. 78-1 at 3-4), Defendants argue that Plaintiff "refus[ed]" to attend his deposition and that this was without justification. Id. at 4 (brackets added). Noting that Plaintiff has been released from prison, they conclude that Plaintiff has either lost interest in pursuing this matter or that he no longer has the ability to do so. Id. For these reasons, Defendants argue that they are entitled: (1) to an order that compels Plaintiff to attend his deposition, and (2) to monetary sanctions in the amount of $1,600.00, which are the minimum costs associated with the unsuccessful attempt to depose Plaintiff as well as the costs to bring the instant motion. See ECF No. 78-1 at 4; ECF No. 78-2.

## IV. APPLICABLE LAW

### A. Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 37 governs sanctions available when litigants fail to cooperate in discovery. It states in relevant part:

> **(b) Failure to Comply with a Court Order.**
>
> . . . .
>
> **(2)** *Sanctions Sought in the District Where the Action Is Pending.*
>
> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> . . . .

8

**(v)** dismissing the action or proceeding in whole or in part;

Fed. R. of Civ. P. 37(b)(2)(A)(v) (italics in original).

The central factor when evaluating a dismissal is justice. <u>Valley Engineers, Inc. v. Electrical Engineering Co.</u>, 158 F.3d 1051, 1056 (9th Cir. 1998). Parties have notice from the text of Rule 37 that dismissal is a possible sanction for failure to obey discovery orders. <u>Id.</u> at 1056-57.

### B.  <u>Malone</u> Factors

Because dismissal is a harsh sanction, a district court should weigh several factors prior to doing so. <u>Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 482 F.3d 1091, 1096 (9th Cir. 2007). The factors to be considered are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[5] <u>Malone v. United States Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (citing to <u>Thompson v. Housing Authority</u>, 782 F.2d 829, 831 (9th Cir. 1986)).

The list of factors "amount to a way for a district judge to think about what to do, not a series of conditions precedent before the judge can do anything, and not a script for making what the district judge does appeal-proof." <u>Connecticut General</u>, 482 F.3d at 1096 (9th Cir. 2007) (quoting <u>Valley Engineers, Inc.</u>, 158 F.3d at 1057; <u>In re Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting <u>Valley Engineers, Inc.</u>). Prior to dismissal, a district court has an obligation to warn a plaintiff that dismissal is imminent. <u>Johnson v. United States Dep't of Treasury</u>, 939 F.2d 820, 825 (9th Cir. 1991).

---

[5] The Ninth Circuit has a stated preference for explicit discussion by the district court of the feasibility of alternatives when ordering dismissal. <u>Malone</u>, 833 F.2d at 132 (citations omitted). However, in situations in which a plaintiff "has purposefully and defiantly violated a court order, it is unnecessary (although still helpful) for a district court to discuss why alternatives to dismissal are infeasible." <u>Malone</u>, 833 F.2d at 132 (citation omitted) (parentheses in original). Furthermore, an explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal. <u>Malone</u>, 833 F.2d at 132 (citations omitted) (collecting cases); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (citation omitted) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

V.   DISCUSSION

    A. Motion for Terminating Sanctions

        1.   Rule 37 (b)(2)(A)(v) Supports Dismissal

When considering the facts in this case in the aggregate, Defendants' motion for terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) must be granted for several reasons. First, in the discovery and scheduling order issued by the Court in August 2023, it was made clear to the parties that consistent with Federal Rule of Civil Procedure 30(a)(2)(B), Defendants had the option of deposing Plaintiff. See ECF No. 61 at 3 ("Depositions" section of scheduling order). In addition, the order also warned: (1) that the failure of Plaintiff to attend, be sworn, and answer appropriate questions in the deposition could result in sanctions, and (2) that such sanctions could include dismissal of the action pursuant to Federal Rule of Civil Procedure 37. Id. Based on these facts, it is clear that Plaintiff had notice that this matter could be dismissed were he to fail to attend his deposition. Despite this fact, he failed to do so. Furthermore, it appears that Plaintiff has failed to contact defense counsel either to explain his absence or to reschedule his deposition.

Second, Plaintiff has failed to file a response of any kind to Defendants' instant motion to compel and motion for sanctions. Defendants' motions were filed on August 5, 2024. ECF No. 78. The date by which Plaintiff was required to file a response to Defendants' motion has long passed. Despite this fact, to date, Plaintiff has not filed responses to the motions, nor has he requested extensions of time to do so. Plaintiff's failure to file a response disobeys the Court's scheduling order and constitutes a failure to prosecute. Therefore, arguably, dismissal is also appropriate under Federal Rule of Civil Procedure 41(b), as well as Local Rule 110.

Third, Plaintiff has also failed to file a response to the Court's order to show cause that was issued on September 30, 2024. The order was issued primarily to give Plaintiff a final opportunity to file a response to Defendants' motion to compel and motion for sanctions. Furthermore, the order to show cause clearly warned Plaintiff that his failure to respond to it within the time provided could result in a recommendation that this matter be dismissed. See ECF No. 80 at 3.

The Court notes that to date Plaintiff has not filed a request for an extension of time to file a response to the order to show cause, nor has the Court's order directing Plaintiff to do so been returned to it marked "undeliverable," which would indicate that Plaintiff never received it. Accordingly, the Court presumes that Plaintiff did receive the order. See Rosenthal v. Walker, 111 U.S. 185, 193 (1884) (stating letter shown to have been properly delivered to postman is presumed to have reached its destination and to have been received by addressee); Busquets-Ivars v. Ashcroft, 333 F.3d 1008, 1010 (9th Cir. 2003) (citing Rosenthal). Thus, the Court finds that Plaintiff has simply chosen not to respond to it and has failed to obey it.

Collectively, these facts support a grant of Defendants' motion to dismiss pursuant to Rule 37. Therefore, the undersigned will recommend as much.

### 2. Consideration of Malone Factors Supports Dismissal

The undersigned further finds that when considering the Malone factors in the aggregate, a dismissal of this case is also warranted. The Court finds the following in its review of them:

#### a. Public's Interest in Expeditious Resolution of Litigation

Plaintiff's failure to appear at his deposition, his failure to respond to Defendants' instant motion to compel and motion for sanctions, and his failure to obey the Court's order either to file a showing of cause why Defendants' motions should not be granted or, to take the steps the Court provided him as an alternative to filing a showing of cause, are common examples of situations that impede the expeditious resolution of litigation. Without Plaintiff subjecting himself to deposition by Defendants, substantive evidence regarding the viability of his claims cannot be established. As a result, the Court will be unable to move this matter forward and dispose of it on its merits.

Given this Court's overly burdened caseload,[6] the quick disposal of this case is warranted

---

[6] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

so that members of the public – both current and future – who have or *will* have matters before this Court will have less of a delay if this matter is dismissed.

### b. Court's Need to Manage Its Docket

Because this Court's caseload is one of the most heavily taxed in the nation, there are limits to the amount of time that can be spent on any given matter when a party is not making efforts to move it forward. The Court moving cases off its docket when a litigant repeatedly fails to comply with federal and local rules, does not participate in the litigation of his case, and does not comply with court orders that direct him to do so, relieves the Court's docket of cases with disinterested litigants, thereby allowing the Court to focus and spend more it's time on cases in which the litigants are engaged.

### c. Risk of Prejudice to Defendants

This case should also be dismissed at this point because waiting additional time for Plaintiff to contact Defendants to reschedule his deposition date and to comply with the Court's orders may further prejudice Defendants. Counsel for Defendants has already stated under penalty of perjury that he estimates that the Office of the Attorney General has incurred – at minimum – $1,600.00 in costs to travel to Los Angeles for the deposition that Plaintiff did not attend and to prepare the instant motions. ECF No. 78-2 (Declaration of DAG Wilson). Plaintiff's failure to actively prosecute this matter – and thereby, keep his case alive – despite having been given multiple opportunities to do so these past few months, leaves the Court with no confidence that the alternative approach of denying Defendants' motion to dismiss pursuant to Rule 37 and instead, granting Plaintiff additional time to respond to the outstanding motions and the Court's unaddressed orders would result in Plaintiff now actively moving this case forward.

Additionally, the more time it takes for Plaintiff to be deposed and for the parties to complete discovery, the more difficult it may become for Defendants to fight the claims in it. As with all cases, the witnesses, evidence, and memories that might be resourced in this matter may have disappeared or faded over time. Therefore, waiting more time to dismiss this matter may be to Defendants' disadvantage.

### d. Public Policy Favoring Disposition of Cases on Merits

Public policy favors the disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002); Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) ("[P]ublic policy favoring disposition of cases on their merits is 'particularly important in civil rights cases'."). However, dismissing this case without first considering its merits does not erode this consideration. Moreover, the Ninth Circuit has "recognized that [the public policy factor favoring disposition of cases on their merits] lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." In re Phenylpropanolamine, 460 F.3d at 1228 (brackets added) (internal quotation marks omitted) (citation omitted).

Additionally, as stated earlier, this case has been on the Court's docket since August 2018 (see ECF No. 1) (original complaint), and discovery in it began in August 2023 (see ECF No. 61) (discovery and scheduling order). In August 2024, a notice of change of address that Plaintiff filed was docketed. See ECF No. 79. The order directing Plaintiff to show cause why Defendants' instant motions should not be granted was issued on September 30, 2024, and it was served on Plaintiff at his newly noticed address. See ECF No. 80 (html receipt). Plaintiff was given twenty-one days to respond to the Court's order. Id. at 3. To date Plaintiff has not responded to it, and again, there is no docket entry indicating that Plaintiff did not receive it at his new, most recently noticed address. Thus, it appears that it is Plaintiff's own inaction that is preventing his case from being disposed of on its merits. Arguably, any public policy that favors disposing of cases on their merits would logically be a secondary consideration to an actual litigant's repeated demonstration of lack of interest in disposing of his own case on its merits. These findings also support a grant of Defendants' motion for terminating sanctions.

e. Availability of Less Drastic Sanctions

Prior to granting Defendants' motion for terminating sanctions, the Court could give Plaintiff an additional thirty days to respond to Defendants' motions and the Court's order to show cause. Again, however, the facts do not warrant giving Plaintiff this opportunity.

Despite this finding, on November 4, 2024, in an attempt to give Plaintiff the benefit of the doubt, the Court took the additional step of directing counsel for Defendants to inform it

whether Defendants' motion to compel and motion for sanctions had been returned to the Office of the Attorney General with markings indicating that it could not be served on Plaintiff.  ECF No. 81.  In DAG Wilson's responsive declaration, he first confirms that the instant motions filed by Defendants on August 5, 2024, were sent to Plaintiff's previously noticed address of record.  Id. at 2.  Then, he describes how served mail that is returned to the Office of the Attorney General is processed.  Id.  Finally, counsel states that the instant motions have not been returned to the Office of the Attorney General marked "undeliverable" or otherwise.  ECF No. 82 at 2-3.

Given these facts, it appears that Plaintiff received the instant motions Defendants have filed, but he has simply chosen not to respond to them.  This, as well as Plaintiff's failure to respond to the Court's order to show cause, informs the question of whether less drastic sanctions other than terminating ones are available.  The undersigned finds that there are none.

### B.  Motion to Compel and Request for Monetary Sanctions

Given the undersigned's recommendation that Defendants' motion for terminating sanctions pursuant to Rule 37 be granted – which is supported by the underlying fact that Plaintiff appears to have abandoned this case – the consideration of Defendants' motion to compel Plaintiff to be deposed (see ECF Nos. 78-1 at 3-4; 78-2) is not necessary.  Therefore, the undersigned will recommend that Defendants' motion to compel be denied as moot.

As for Defendants' request for monetary sanctions, such an award is often considered a less drastic, alternative to dismissal.  However, given that Plaintiff is indigent (see ECF No. 67) (Plaintiff's non-prisoner in forma pauperis application), ordering Plaintiff to pay monetary sanctions to Defendants would only prove to be symbolic, because Plaintiff is not likely to be able to pay any monetary amount that is awarded to Defendants.  Therefore, the undersigned will recommend that this motion be denied as well.

### VI.  CONCLUSION

Defendants' motion to compel and motion for sanctions should be granted in part and denied in part. Defendants' motion for sanctions should be granted to the extent that it requests that terminating sanctions issue, consistent with Federal Rule of Civil Procedure 37(b)(2)(A)(v). However, to the extent that Defendants' motion for sanctions requests that Plaintiff be ordered to

pay the deposition costs that the Office of the Attorney General incurred due to Plaintiff's failure to appear, because Plaintiff is indigent, a grant of this part of the motion for sanctions would be futile.  Therefore, it should be denied.

Finally, given that it is being recommended that Defendants' motion for sanctions pursuant to Rule 37 be granted, Defendants' motion requesting that Plaintiff be compelled to appear in order to be deposed should be denied as moot.  Consistent with the findings in this order, the undersigned will recommend as much.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for sanctions be GRANTED IN PART and DENIED IN PART as follows:

   a. GRANTED to the extent that it requests terminating sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).  See ECF No. 78-1 at 4-5, and

   b. DENIED to the extent that it asks for monetary sanctions.  See ECF No. 78-1 at 3-4;

2. Defendants' motion to compel Plaintiff to appear and be deposed (see ECF No. 78-1 at 3-4) be DENIED as moot, and

3. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that a party wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  See

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **November 7, 2024**                              **/s/ Gary S. Austin**
                                                                           UNITED STATES MAGISTRATE JUDGE