UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KEVIN ALLEN, | No. 1:18-cv-01187 JLT GSA (PC) |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL |
| v. | |
| V. BENTACOURT, et al., | (ECF No. 88) |
| Defendants. | |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. ECF No. 88. For the reasons stated below, the request will be denied.

I.   PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

In support of Plaintiff's request for the appointment of counsel, he states that appointment is necessary because he needs assistance with discovery, which is to be completed by February 18, 2025. ECF No. 88 at 2. He also states that he would like to depose Defendants. Id. He points out that his claim is not frivolous in that the defendants clearly violated the 8th Amendment. ECF No. 88 at 2. For these reasons, Plaintiff requests that counsel be appointed for discovery, trial or settlement. Id. at 4.

II.   DISCUSSION

### A. Applicable Law

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

### B. Analysis

Plaintiff's request for the appointment of counsel will be denied. The fact that he needs help with discovery due to an upcoming deadline, that he would like depose Defendants,[1] or that both he and the Court would benefit from his being given counsel are not exceptional circumstances. However, the Court must also consider that this case has been on the Court's docket since 2018, and to date, Plaintiff has been able to articulate his claims in a satisfactory manner. For this reason, having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Therefore, the request will be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel (ECF No. 88) is DENIED without prejudice.

---

[1] To the extent that Plaintiff may also be requesting to depose Defendants in this motion (see ECF No. 88 at 2), he is informed that requests to depose are generally governed by Federal Rule of Civil Procedure 30. He is further informed that costs to depose Defendants would have to be borne by himself as his in forma pauperis status does not entitle him to litigation costs. See generally 28 U.S.C. § 1915(f); see also Porter v. Dep't of Treasury, 564 F.3d 176, 180 n.3 (3rd Cir. 2009)

2

IT IS SO ORDERED.

Dated: **January 28, 2025**                    **/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE